## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| Janisha P. Price, | |
| **Plaintiff,** | **Case No. 1:13-cv-02535-ELH** |
| v. | |
| Waste Management, Inc., | |
| **Defendant.** | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

On August 30, 2013, Plaintiff Janisha Price filed a Complaint for Employment Discrimination under Title VII of the Civil Rights Act of 1964, as amended (Title VII) against Defendant Waste Management, Inc. ("Defendant" or "WMI"). The Complaint should be dismissed in its entirety pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure.

## I.      SUMMARY OF THE ARGUMENT

Plaintiff has named WMI as the sole Defendant in this case, in which she alleges that she was discriminated against because of her race and color. The Court should dismiss this case because WMI does not have the requisite minimum contacts with Maryland to establish personal jurisdiction. Indeed, WMI does not conduct, transact, or solicit business in the state of Maryland. WMI does not maintain an agent for service of process in the state of Maryland nor does it maintain offices or have a telephone listing or mailing address in the state of Maryland. Rather, WMI is a publicly-traded company incorporated under the laws of the state of Delaware with its principal place of business in Houston, Texas. As such, there is not one contact between

WMI and Maryland to sustain personal jurisdiction over it as a defendant in this employment-related discrimination lawsuit.

Even if the Court had personal jurisdiction over WMI, Plaintiff incorrectly names WMI as her "employer." Specifically, Plaintiff alleges that she "was hired by Waste Management." *See* Complaint, ¶ 6(1), Dkt. No. 1. Other than this allegation, Plaintiff has failed to identify any other entity as an "employer" in her pleadings that could be conceivably subject to liability under Title VII.

WMI is a holding company that does not employ any persons. WMI is the indirect shareholder and ultimate parent corporation of Waste Management of Maryland, Inc. ("WM-MD"), a subsidiary incorporated under the laws of the state of Maryland. Rather than bring suit against WM-MD, Plaintiff has sued the holding company. Contrary to Plaintiff's apparent belief, WMI does not control WM-MD's employment decisions or dominate WM-MD such that the two corporations are the same entity.

There is no legal or factual basis upon which Plaintiff can rest her contention that WMI, a corporate holding company, hired her. The evidence undisputedly shows a lack of any interrelation or direct involvement by WMI in the terms and conditions of employment of WM-MD employees. The Court should dismiss this case for lack of subject matter jurisdiction because WMI cannot be considered an "employer" under Title VII.

## II.   FACTUAL BACKGROUND

### A.   Defendant WMI's Corporate Structure and Organization

WMI is a publicly-traded company incorporated under the laws of the State of Delaware, and maintains a principal place of business in Houston, Texas. Declaration of Linda J. Smith ("Smith Decl."), ¶ 3. WMI is a holding company that neither provides services to, nor

conducts business with customers.  *Id.*, ¶ 5.  WMI is not authorized to conduct business in the state of Maryland.  *Id.*, ¶ 7.  WMI does not maintain an agent for service of process in the state of Maryland.  *Id.*, ¶ 8.  WMI is the parent and indirect shareholder of WM-MD, which conducts waste collection, disposal and related services in the state of Maryland.  *Id.*, ¶¶ 4, 6.  WMI maintains its own separate corporate minutes and records from WM-MD.  *Id.,* ¶ 6.

      **B.**     **WMI And WM-MD Are Independent Entities.**

         WM-MD is separate legal entity from WMI, and is incorporated under the laws of the State of Maryland.  *Id.*, ¶ 4.  WM-MD is engaged in providing waste collection, transfer and disposal services in Maryland.  It maintains separate books, records, and bank accounts from WMI.  *Id.*, ¶¶ 4, 6.  As WMI has no employees, there is no transfer or interchange of personnel as between WMI and WM-MD.  *Id.*, ¶¶ 5, 10.

         WMI officers have no involvement in the employment functions of WM-MD. *Id.*, ¶¶ 5, 10.  WMI does not own or control the premises where WM-MD employees work.  *Id.*, ¶ 9.  As noted, WM-MD employs its own respective management hierarchy, none of whom are employed by WMI.  *Id.*, ¶¶ 5, 6.  This local management team is responsible for:

- Hiring, firing, and supervising day-to-day work activities of employees, such as Plaintiff; and

- Controlling and administering work schedules, work assignments, and similar terms and conditions of employment for WM-MD employees, including, but not limited to, the enforcement of policies regarding equal employment opportunity, discrimination, harassment and retaliation, performance management and job descriptions.

*Id.*, ¶¶ 5, 6, 10.  WMI has no direct involvement or control in the foregoing areas with respect to

employees of WM-MD. *Id.*

### C. Summary of Plaintiff's Allegations.

Plaintiff asserts that she was "hired by Waste Management in September 2008 as a human resources professional." Complaint, ¶ 6(1), Dkt. No. 1. Plaintiff's pleadings contain no other allegation regarding the entity for whom she worked. *See* generally, *id.* Plaintiff purports to bring an action under 42 U.S.C. §§ 2000e, *et seq.*, alleging that she was terminated on September 23, 2010 because of her race and color and experienced retaliation based on participation in protected activity. Complaint, ¶¶ 4-5.

## III. ARGUMENT

### A. Standard Of Review

**FED R. CIV. P. 12(b)(2)**

A challenge to personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) "is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). "Discovery and an evidentiary hearing are not required to resolve a motion under Rule 12(b)(2)." *Burt v. Maasberg*, 2013 U.S. Dist. LEXIS 46732, at *111 (D. Md. Mar. 31, 2012) (citing 5B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1351, at 274-313 (3d ed. 2004, 2012 Supp.). "Rather, the district court may address the question of personal jurisdiction as a preliminary matter, ruling solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint." *Id.* (citing *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009)). If the Court chooses to rule without conducting an evidentiary hearing, "the plaintiff is only required to make a *prima facie* showing of jurisdiction." *Frontenac Int'l v. Global Mkt.*

*Sys.*, 2013 U.S. Dist. LEXIS 82340, at *7 (D. Md. June 11, 2013) (quoting *Mylan Labs, Inc. v. Azko*, 2 F.3d 56, 60 (4th Cir. 1993)).

## FED R. CIV. P. 12(b)(1)

Courts characterize motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in one of two ways:  (1) a "facial attack" on the sufficiency of the allegation of subject matter jurisdiction in the complaint; or (2) a "factual attack" on the underlying facts upon which subject-matter jurisdiction is allegedly based.  *Hager v. First Virginia Banks, Inc.*, 2002 U.S. Dist. LEXIS 412, *10-12 (W.D. Va., January 10, 2002).  Here, WMI's motion to dismiss presents a "factual attack" under Rule 12(b)(1) because, while Plaintiff purports to have been hired to work for WMI, it is the factual record underlying this assertion that contradicts Plaintiff's claim and substantiates WMI's motion.

Critically, since WMI's motion presents a "factual attack" on the allegations contained in the Complaint, "the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards in that the Court may not assume the factual allegations in the Complaint are true.  *White v. CMA Construction Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (citation omitted) ("no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating itself the merits of jurisdictional claims.").  Plaintiff bears the burden of establishing the existence of jurisdiction.  *See Hager*, 2002 U.S. Dist. LEXIS 412, *15 -16.

### B.    The Court Does Not Have Personal Jurisdiction Over Non-Resident WMI

A federal court may exercise personal jurisdiction over a non-resident defendant "if (1) an applicable long arm statute confers jurisdiction; and (2) the assertion of that jurisdiction is consistent with constitutional due process."  *Fyfe Co., LLC v. Structural Group,*

*LLC*, 2013 U.S. Dist. LEXIS 75685, at *8 (D. Md. May 30, 2013) (quoting *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993); *see also Carefirst*, 334 F.3d at 396 (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)) (same).   Maryland's long-arm statute, MD. CODE ANN., CTS. & JUD. PROC. § 6-103, authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment.  *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002).  First, the requirements under the long-arm statute must be satisfied, and second, the exercise of personal jurisdiction must comport with due process.  *Id.*[1]

In order for the exercise of personal jurisdiction to comport with due process, a non-resident defendant must have sufficient "minimum contact" with the forum state such that requiring it to defend itself within the forum state "does not offend traditional notions of fair play and substantial justice.  *Velencia v. Drezhlo*, 2012 U.S. Dist. LEXIS 176754, at *8 (D. Md. Dec. 13, 2013) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).  Minimum contacts are established only if a defendant purposefully avails itself of the benefits and protections of the forum state, such that it should "reasonably anticipate being hauled into a court of that forum state."  *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 296 (1980).  Here, WMI has no contact with the forum state to sustain specific or general personal jurisdiction over it as a defendant.

### 1.    The Court Does Not Have Specific Jurisdiction Over WMI

The Fourth Circuit has established a three-part test for evaluating whether the assertion of specific jurisdiction is consistent with constitutional due process, *viz.*, "(1) the extent to which the defendant purposely availed itself of the privilege of conducting activities in the

---

[1]    It is unnecessary to examine whether the requirements of Maryland's long-arm statute have been satisfied because Plaintiff's failure to satisfy the test for specific [or general] jurisdiction under the Due Process Clause ... doom[s] [her] efforts to satisfy §6-103."  *Fyfe Co.*, Case No. 13-176, 2013 U.S. Dist. LEXIS at *8, n.6.

State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally unreasonable." *Consulting Eng'rs Corp.*, 561 F.3d at 278; *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-78 (1985).   In the instant case, Plaintiff cannot establish that this Court has specific jurisdiction over WMI because she has not alleged that WMI did anything to purposefully avail itself of the benefits of doing business in the State of Maryland.  *See Burger King Corp.,* 471 U.S. at 475.  The purposeful availment requirement is designed to ensure that defendants are not hauled into a jurisdiction as a result of "random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person."  *Id.*

Here, WMI is a publicly traded company incorporated under the laws of the state of Delaware with its principal place of business in Houston, Texas.  Smith Decl., ¶ 3.  WMI does not conduct, transact, or solicit business in the state of Maryland.  *Id.*, ¶ 7.  In fact, WMI is not qualified or licensed to do business in Maryland and does not maintain an agent for service or process in the state of Maryland.  *Id.*, ¶¶ 7, 8.  Moreover, WMI does not maintain an office, have a telephone listing or mailing address in the state of Maryland.  *Id.*, ¶ 9.  Lastly, WMI has not consented to this Court's jurisdiction, and was not served with process in Maryland.  *See* Dkt. No. 5.

There can be no dispute to the fact that WMI did nothing to avail itself of the benefits of Maryland's laws and, therefore, there is no basis to subject it to specific jurisdiction in Maryland.  To require WMI to defend this action in Maryland would be unfairly burdensome, and would serve no interest on Maryland's part.  Therefore, the Complaint should be dismissed.

2.      The Court Does Not Have General Jurisdiction Over WMI

It is settled that "with regard to nonresidents, general jurisdiction is ordinarily reserved for those defendants who have substantial contacts with the forum state that they may be considered 'essentially domiciled' within that state." *Rist v. Xcentric Ventures, Inc.*, 2013 U.S. Dist. LEXIS 82597, at *11 (D. Md. June 12, 2013) (quoting *Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 517-18 (D. Md. 2003)); *see also Vogel v. Boddie-Noell Enters.*, 2013 U.S. Dist. LEXIS 35548, at *8 (D. Md. Mar. 13, 2013) ("General jurisdiction exists, regardless of where the claim arose, if the defendant's contacts with the forum state are 'continuous and systematic.'").  The Fourth Circuit has held that the defendant's level of contacts with the forum state must be "significantly higher" to exercise general jurisdiction than the contacts required for specific jurisdiction.  *See ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).  Here, given the undisputed fact that WMI has absolutely no contact with Maryland, there can be no finding of general jurisdiction.  For this added reason, no personal jurisdiction exists over WMI and the Complaint should be dismissed accordingly.

**C.      Plaintiff Cannot Rebut The Presumption That WM-MD, Not WMI, Is Her Employer.**

Even if the Court had personal jurisdiction over WMI, it was not Plaintiff's employer.  Title VII prohibits employers from making employment decisions based upon an individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a).  An employee is an individual employed by an employer.  42 U.S.C. 2000e(f).  Moreover, in the Fourth Circuit, there is a "strong presumption that when a subsidiary hires employees, the subsidiary, not the parent company, is the employer."  *Hager*, 2002 U.S. Dist. LEXIS 412, *13 (quoting *Johnson v. Flowers Industries Inc.*, 814 F.2d 978, 980 (4th Cir. 1987)).  "This presumption is based on the principal that a parent corporation exercises control over its subsidiaries as a shareholder and

thus receives the benefits of the doctrine of limited liability." *Id.* To rebut the presumption of limited liability, Plaintiff must prove that the parent controls the subsidiary's employment decisions or completely dominates the subsidiary such that both are a single entity. *Id.*, *14. Plaintiff has certainly alleged no such fact in her pleadings, and the relationship between WMI and Plaintiff's actual employer, WM-MD, refutes any such involvement.

1.      WMI Does Not Control WM-MD's Employment Decisions

In the *Hager* case, the court found that plaintiff had failed to establish that the parent corporation controlled the subsidiary's employment decision because there was nothing in the record that indicated that the parent corporation ever hired, fired, promoted, paid, transferred or supervised any employee of the subsidiary. *Id.* The court further noted that the parent corporation contracting with the subsidiary to provide certain human resources services for a fee and accepting reports of perceived acts of discrimination had "little to do with the day to day personnel decisions" at the subsidiary. *Id.*, *14-15. The evidence here likewise shows that WMI, a holding company twice removed from WM-MD, does not have the kind of interrelationship with, or involvement in day-to-day employment matters of individuals employed by WM-MD, to constitute an "employer" for purposes of Title VII.

In this case, WMI has no involvement in the hiring or firing of WM-MD employees.   Smith Decl.. ¶ 5.  WMI did not direct the work responsibilities and Plaintiff's other day-to-day conditions of employment. *Id.* As a holding company, WMI has no involvement in such matters that implicate the day-to-day management of the employment relationship. *Id.*, ¶¶ 5, 10.

2.      WMI Does Not Dominate WM-MD's Operations

WMI does not dominate WM-MD's operations to such an extent that WMI and WM-MD are one entity and thus one employer.  *Hager*, 2002 U.S. Dist. LEXIS 412, *15.  A court can find parent domination where:

> [f]or example, the subsidiary may be highly integrated with the parent's business operations as evidenced by the commingling of funds and assets, the use of the same work force and business offices for both corporations, and the severe undercapitalization of the subsidiary.  The parent might also fail to observe such basic corporate formalities as keeping separate books and holding separate shareholder and board meetings.

*Id.*, (quoting *Johnson*, 814 F.2d at 981).  Here, the record shows that WMI did not excessively interfere with the business operations of WM-MD.

In this case, WMI and WM-MD have separate boards of directors and officers.  Smith Decl., ¶ 6.  WMI and WM-MD maintain separate corporate minutes, books and records.  *Id.*  The business offices for WMI and WM-MD are located in different states.  *Id.,* ¶ 9.  There is no evidence that WM-MD does not have sufficient capital to operate independent of WMI.  Accordingly, Plaintiff cannot prove that the operations of WMI and WM-MD are excessively entangled.  *Hager*, 2002 U.S. Dist. LEXIS 412, *15.

## IV.      CONCLUSION

As demonstrated above, WMI does not have sufficient "minimum contacts" with the state of Maryland, and therefore the Court does not have personal jurisdiction over WMI.  Further, Plaintiff has neither alleged, nor can she prove, an employment relationship with the corporate holding company, WMI.  Because WMI is not Plaintiff's employer under Title VII, the Court does not have the power to hear her claim of employment discrimination.  Accordingly,

WMI respectfully requests that the Court dismiss Plaintiff's claim against it pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(2).

/s/ *Alison N. Davis*

Alison N. Davis (Fed. Bar No. 27987)
andavis@littler.com
Ethan D. Balsam (Fed. Bar No. 18761)
ebalsam@littler.com
LITTLER MENDELSON, P.C.
1150 17th Street N.W., Suite 900
Washington, DC  20036
Tel: 202.772.2533
Fax: 866.724.3975

Counsel for Defendant
Waste Management, Inc.

November 26, 2013

11.